# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at 4 O'clock & 41 min P M
Date 7/20/06

In the matter of:

United States Bankruptcy Court
Savannah, Georgia
MAH

MILDRED K. ROBINSON

Chapter 7 Case
Number 06-40288

MARY ANN SMITH

Chapter 7 Case
Number 06-40471

WANDA G. RAHN

Chapter 7 Case
Number 06-40472

BRANDY M. WHITE

Chapter 7 Case
Number 06-40481

BRENDA K. COURSEY

Chapter 7 Case
Number 06-40563

*Debtors*

## MEMORANDUM OPINION
## ON DEBTORS' APPLICATIONS FOR WAIVER
## OF THE CHAPTER 7 FILING FEE

The Debtors in each of these cases filed motions seeking waiver of the Chapter 7 filing fee (the "Motions"). The Motions were scheduled for a hearing on May 24, 2006. Because of common questions of law and fact, the Court is issuing this consolidated ruling for each of these cases.

## STATUTORY AUTHORITY AND FRAMEWORK FOR ANALYSIS

28 U.S.C. § 1930(f)(1) permits a bankruptcy court to waive a filing fee in a Chapter 7 case if two elements are established. First, a debtor must have income less than

AO 72A
(Rev. 8/82)

150 percent of the "income official poverty line." Second, the debtor must be unable to pay the filing fee in installments. 28 U.S.C. § 1930(f)(1) clearly vests bankruptcy courts with the discretion to waive the Chapter 7 filing fee if a debtor satisfies these two elements. *See* In re Ortiz, 2006 WL 1594152, *1 (Bankr. M.D. Fla. 2006)(stating that the statute "grants discretion to a bankruptcy court" to waive the filing fee if the two-part test is met).

In the present cases, the first factor is not in issue because all interested parties agree that the Debtors have income less than 150 percent of the "income official poverty line" for families of their size. Therefore, the only issue for the Court to determine is whether the Debtors are unable to pay the filing fee in installments. In evaluating this second element, the interim procedures adopted by the Judicial Conference of the United States for the implementation of this statute suggest that courts are to "consider the totality of the circumstances" in making this decision and that Official Form 3B contains information "relevant to this determination." Each of the Debtors in these cases duly filed an application on the official form and appeared and testified at the May 24, 2006 hearing. The United States Trustee and the Chapter 7 Trustees appointed by the United States Trustee also appeared at the hearing. In each case, the Debtors established that their current expenses equal or exceed their current income and argued that they lacked the ability to pay the filing fee in installments.

The United States Trustee and the Chapter 7 Trustees argue for a broader

application of the totality of the circumstances test than a mere examination of the official form. They contend that additional factors should be taken into account. First, whether there are any discrepancies between the Debtors' applications and their schedules. Second, whether the Debtors have collateral sources of income with which they could pay the filing fee. Third, whether the Debtors have agreed to pay a portion of their attorney's fees after the filing of their cases. Fourth, whether there was any urgency, crisis, or necessity for filing the case at the time the case was filed or whether the Debtors could have deferred filing to accrue additional funds with which to pay the filing fee. Fifth, whether the Debtors have exempt property with which the filing fee could be paid. Finally, the Trustees argue generally that the integrity of the bankruptcy system is at stake in bankruptcy courts' decisions nationwide to waive filings fees. The cumulative effect of a high volume of waivers could potentially lead to funding problems and the inability to secure qualified professionals to serve.

Addressing the Trustees' final point first, each of these cases is a so-called "no-asset" case, in which the case Chapter 7 Trustee will be paid $60.00 for services rendered. However, that $60.00 is funded only if a filing fee is paid. There is no other source for a payment of a fee to the Trustees. Therefore, the Trustees appointed to serve in no-asset cases where the filing fee is waived will be forced to work *pro bono*, yet they will have the same fiduciary duties as compensated Trustees to administer the case, investigate a debtor's financial affairs, object to claims, determine if a debtor has revealed all assets, and determine whether a debtor is entitled to a discharge. *See* 11 U.S.C. § 704; <u>In re Fischer</u>, 210

B.R. 467, 469 (Bankr. D. Minn. 1997)("Being a chapter 7 trustee is a difficult and risky business.").

I agree with the Chapter 7 Trustees' contention that a fee of $60.00 for services this extensive is frequently insufficient to cover the true cost of a Trustee's time and effort. It is even clearer that abuse may occur in a bankruptcy case without a Trustee's active and diligent involvement and that participation should be compensated. The cumulative effect of a liberal application of 28 U.S.C. § 1930(f)(1) could be detrimental to the operation of an effective, transparent, and abuse-free system for bankruptcy relief. Given the terms of the statute, however, I am not free to require the payment of a fee in all Chapter 7 cases. Rather, I must balance the public policy concerns for ensuring an efficient, fair bankruptcy system with Congress's clear command to permit bankruptcy relief to an honest but impoverished debtor. In doing so, I conclude that the discretion to waive a filing fee should be sparingly exercised. After all, before BAPCPA, it was clearly established that the payment of a filing fee to receive bankruptcy relief was mandatory since an individual did not have a constitutional right to seek or receive a bankruptcy discharge and accordingly no constitutional right to file a bankruptcy case *in forma pauperis*. *See* United States v. Kras, 409 U.S. 434, 445-46, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973)(finding the statutory requirement of paying a filing fee for bankruptcy relief does not deny an indigent individual due process or the equal protection of the law).

## TOTALITY OF THE CIRCUMSTANCES

Authorized by statute, the Judicial Conference's interim procedures instruct that the totality of a debtor's circumstances be considered when determining whether that debtor is able to pay the filing fee in installments. Furthermore, although the information contained in Official Form 3B will be highly relevant in making this determination, I recognize that an analysis of the totality of a debtor's circumstances may include a consideration of facts beyond those elicited on the official form. The burden of showing that the application should be granted rests on the debtor. In applying the totality of the circumstances test, I will address the factors argued at the May 24, 2006 hearing. It should be noted that this list is not exhaustive and may be modified as future cases are presented.

*Scope of Factual Inquiry*

Although Official Form 3B contains information that is "relevant" to an analysis of the totality of a debtor's circumstances, it is not the exclusive source of evidence that this Court may consider. The information contained in a debtor's testimony, schedules, statement of affairs, and other pleadings, as well as any discrepancies between the debtor's schedules and the contents of Official Form 3B, are also relevant in illustrating the existence of additional assets or income with which to pay the Chapter 7 filing fee. All of this evidence must be considered in a totality of the circumstances analysis.

*Agreement to Pay Attorney's Fees in Installments*

When Congress enacted subsection 28 U.S.C. § 1930(f)(1), it delegated to the Judicial Conference of the United States the authority to establish procedures for reviewing these waivers. The Judicial Conference's interim procedures clearly state that a debtor is not disqualified for a waiver solely because of the existence of an agreement to pay a bankruptcy attorney a professional fee. Although a debtor is not automatically denied a fee waiver if he or she pays an attorney, the interim procedures do not preclude the existence of such a payment or a promise to make a payment to an attorney from being a relevant factor in the Court's determination of whether a debtor has the prospective ability to pay the filing fee in installments. *See* In re Nuttall, 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005).

*Collateral Sources of Payment*

In determining whether a debtor is able to pay a filing fee in installments, the existence of collateral sources (e.g., family, friends, etc.) to assist in paying the fee is also relevant. *See* In re Burr, 2006 WL 1686654, *2-*3 (Bankr. W.D.N.Y. 2006)(stating that an examination of the totality of the debtor's circumstances must include the potential assistance available to the debtor from her boyfriend, who provided for her general needs, as well as her father, who provided her with health insurance).

*Existence and Value of Exempt Property*

The existence of exempt property is a closer question. On first impression,

it might seem counterintuitive to suggest that a debtor must liquidate exempt property to fund the filing fee to obtain bankruptcy relief, a part of which is the protection of exempt property. However, it is federal bankruptcy law that permits a debtor to claim this property as exempt and place it beyond the reach of creditors in the first place. Rousey v. Jacoway, 544 U.S. 320, 322, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005). Each debtor presumably will receive a discharge of all unsecured debts and, as a result, will be granted the fresh start contemplated by the Bankruptcy Code, released from any obligation to pay the claims of pre-petition creditors. Because the provisions of 28 U.S.C. § 1930(f)(1) require the Court to look at a debtor's ability to make future payments in installments, the Court must consider whether a debtor's post-filing circumstances are such that he or she has the ability to fund the filing fee after the entry of an order for relief. The vesting of exempt property in a debtor with which he or she will emerge from bankruptcy, the value of that exempt property, and the likelihood of a discharge of all pre-petition obligations are relevant in determining a debtor's future ability to pay the filing fee, which is the price of obtaining bankruptcy relief for all other debtors.

*Exigent Circumstances for Filing*

I have concluded that the urgency or necessity of filing is not relevant in these cases. The necessity, urgency, or emergency nature of a filing is certainly relevant in certain contexts in determining a debtor's good faith or lack thereof, and it would certainly be a proper element if the Court only had to determine whether a debtor must pay the filing

AO 72A
(Rev. 8/82)

7

fee to initiate a case. However, the issue before the Court is not whether a debtor can file the case without the payment of a fee, but whether to waive the fee post-filing because the debtor does not have the future ability to pay in installments. Since the Court's inquiry must examine whether a debtor will be able to pay in the future, the selection of a particular date for filing a Chapter 7 case is immaterial. In other words, if the only question is whether the debtor's fee should be entirely waived, and it could be shown that by waiting for another paycheck or some other event the debtor could have accumulated sufficient funds to pay a filing fee, then the counterargument that an emergency situation necessitated an earlier filing could make all the difference. However, since the Court must look at a debtor's future ability to pay, which takes into account the next paycheck or other eventuality, the existence or nonexistence of exigent circumstances on a particular date is immaterial.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the foregoing, I make the following Findings of Fact and Conclusions of Law in each of the individual cases:

Mildred K. Robinson

The Debtor's monthly expenses equal her total monthly income from Social Security and retirement. She owns no personal property other than clothing and small household items. She owns no motor vehicle or any real estate. Although she agreed to pay an attorney an $800.00 fee for filing the case, paid some of it prior to filing, and has now paid the balance, it does not appear that there is any income, collateral source of income, or

exempt property from which she could afford to pay the filing fee of $299.00.  Although she will discharge over $16,000.00 in unsecured debt, she has carried her burden of proof in showing that she is unable to afford the payment of the filing fee in installments and that she will retain no significant exempt property.  Standing alone, her arrangements with her counsel cannot be the basis for denial of this relief.

Accordingly, the Debtor's application for waiver of the filing fee is GRANTED.  An Order in accordance with this opinion will be entered on this date.

<u>Mary Ann Smith</u>

The Debtor's monthly expenses exceed her monthly income, and she is unable to work due to a medical condition.  Although she owns no real property and had minimal cash on the date she filed her case, she owns three motor vehicles.  Furthermore, she has already paid $300.00 to her attorney and promised to pay an additional $200.00.  Although she claims no equitable interest in the most valuable of the vehicles that is being used by and paid for by her daughter, it is titled in the Debtor's name as are two other vehicles valued at a total of $2,000.00.  These vehicles are a 1999 Chevy Malibu with $1,500.00 equity and a claimed exemption of $1,500.00 and a 1991 Ford Escort with $500.00 equity and a claimed exemption of $500.00.  The Debtor seeks to discharge nearly $10,000.00 in unsecured non-priority claims.  In light of the totality of the circumstances, I find that she has the ability to pay the filing fee in installments by borrowing against one of the two unencumbered vehicles or disposing of one of them.  If neither vehicle is of such

value that it can be pledged to borrow money to pay a filing fee, I find only one vehicle to be essential and the second one can be liquidated to pay the filing fee.

Accordingly, the Debtor's application for waiver of the filing fee is DENIED. The Debtor is ordered to pay the filing fee in minimum installments of $74.50 each month commencing August 15, 2006, with a final payment due not later than November 15, 2006. Upon failure to pay these installments, the case will be dismissed, without a discharge, and without further notice or hearing. An Order in accordance with this opinion will be entered on this date.

Wanda G. Rahn

The Debtor's monthly expenses exceed her monthly income because she suffers from numerous medical conditions that forced her to quit work. Although she has a Social Security disability claim pending, it is not known whether this benefit will ever be awarded. She owns two motor vehicles. One vehicle is a 1992 Dodge Van with $1,500.00 equity and a claimed exemption of $1,500.00. The second vehicle is a 2001 Honda Civic with $4,500.00 equity and a claimed exemption of $4,500.00. Although the Debtor's granddaughter is paying a $2,000.00 debt on the 2001 Honda Civic because the Debtor assisted her in purchasing the older of the two cars, there is still combined equity of $6,000.00 in the two vehicles. In addition, she listed over $24,000.00 in unsecured non-priority claims that will be discharged if her case is successfully completed. She paid $500.00 to an attorney prior to filing the case and has agreed to pay a balance of $250.00

after filing.  Based on the totality of the circumstances, I conclude that the Debtor has the ability to borrow against or sell a vehicle due to the equity in the two motor vehicles. Alternatively, she can obtain payments from a collateral source since she is providing a vehicle to her granddaughter, who has a vested interest in seeing her exemption claim protected.

Accordingly, the Debtor's application for waiver of the filing fee is DENIED.  The Debtor is ordered to pay the filing fee in minimum installments of $74.50 each month commencing August 15, 2006, with a final payment due not later than November 15, 2006.  Upon failure to pay these installments, the case will be dismissed, without a discharge, and without further notice or hearing.  An Order in accordance with this opinion will be entered on this date.

Brandy M. White

Although the Debtor earned no monthly income on the date she filed her case, she has since obtained a part-time job grossing approximately $125.00 per week.  She has no living expenses and agreed to pay $900.00 in attorney's fees, of which $600.00 was paid by her father prior to filing.  She seeks to discharge approximately $6,000.00 in unsecured debts, plus an unknown large deficiency claim arising from the repossession of a motor vehicle.  She schedules no assets other than clothing and jewelry, which she values and claims exempt in the amount of $500.00.  This exempt property is not of a type or value that could reasonably be utilized to pay the filing fee in installments.  However, because the

Debtor obtained part-time gainful employment since the filing of her case, expects to be employed full-time, and her monthly expenses are zero, I conclude that she has the ability to pay the filing fee in installments out of post-petition income.

Accordingly, the Debtor's application for waiver of the filing fee is DENIED. The Debtor is ordered to pay the filing fee in minimum installments of $74.50 each month commencing August 15, 2006, with a final payment due not later than November 15, 2006. Upon failure to pay these installments, the case will be dismissed, without a discharge, and without further notice or hearing. An Order in accordance with this opinion will be entered on this date.

Brenda K. Coursey

The Debtor's monthly expenses exceed her monthly income. She listed $150.00 on deposit in a bank on the date of filing. She has a 2000 Oldsmobile Intrigue with $3,500.00 equity and a claimed exemption of $3,500.00. In addition, she has a mobile home valued at $5,500.00, and an account receivable that is a balance owed to her on a mobile home that she sold valued at $3,000.00. She claims those assets as exempt in a case in which she seeks to discharge approximately $31,000.00 in unsecured non-priority claims. She agreed to pay her attorney $800.00, of which $700.00 was paid prior to filing from funds borrowed from her family. She has multiple severe medical conditions that prevent her from working. Given the nature and value of the property that the Debtor seeks to exempt, however, I conclude that she is able to pay the filing fee in installments by borrowing against

AO 72A
(Rev. 8/82)

12

or liquidating an exempt asset.

Accordingly, the Debtor's application for waiver of the filing fee is DENIED. The Debtor is ordered to pay the filing fee in minimum installments of $74.50 each month commencing August 15, 2006, with a final payment due not later than November 15, 2006. Upon failure to pay these installments, the case will be dismissed, without a discharge, and without further notice or hearing. An Order in accordance with this opinion will be entered on this date.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 19th day of July, 2006.